Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, modifies and affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the plaintiff and defendant Hauber Development Company in their Pre-Trial Agreement and at the hearing before the deputy commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the Hauber Development Company and the plaintiff are properly before the Commission, and the Hauber Development Company and the plaintiff were subject to and bound by the provisions of the North Carolina Workers Compensation Act at all relevant times.
2. Hauber Development Company and the plaintiff further stipulated that an employee-employer relationship existed between plaintiff-employee and defendant-employer Ralph Harvey Construction and that defendant-employer Ralph Harvey Construction was non-insured on 22 January 1998.
3. The issues for determination before the Deputy Commissioner were:
 a. Did plaintiff sustain an injury by accident arising out of and in the course of his employment with defendant-employer Ralph Harvey Construction on 22 January 1998?
b. If so, to what benefits may plaintiff be entitled under the Act?
 c. Who is responsible for payment of benefits which plaintiff may be entitled?
 d. Is defendant Hauber Development Company liable for benefits under the provisions of N.C. Gen. Stat. 97-19?
e. Is plaintiff entitled to an assessment of an attorneys fee?
4. The following documentary exhibits were received into evidence:
a. Plaintiffs Exhibit 1, Medical Records, sixty-six pages;
 b. Plaintiffs Exhibit 2, Plaintiffs Request for Production of Documents, seventeen pages;
 c. Defendants Exhibit 2, Certificate of Liability Insurance for Ralph Harvey d/b/a Harvey Construction, four pages.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On 7 July 1999, Notice of Hearing was mailed via certified mail, return receipt requested, to Ralph Harvey Construction, 6263 Sawdust Lane, S.E., Winnabow, North Carolina 28479. The envelope was returned to the Commission after Ralph Harvey Construction received three notices of attempted delivery of the certified mail on 9 July 1999, 21 July 1999, and 24 July 1999. Notice of the Hearing was also mailed to Ralph Harvey Construction at the same address via regular mail on 7 July 1999. This copy was not returned to the Commission. The address used by the Commission was the address for 2 For 1 Construction, the name for the business that was formerly Ralph Harvey Construction or Harvey Construction. Based upon the exhibits of record, Ralph Harvey Construction changed to 2 For 1 Construction between February and May 1998; however, Hauber Development Company continued to contract with Ralph Harvey for 2 For 1 Construction.
2. On 17 July 1999, plaintiffs counsel wrote to defense counsel and Mr. Harvey regarding the Pre-Trial Agreement.
3. Ralph Harvey Construction received notice of this hearing but chose not to appear.
4. At all relevant times, Ralph Harvey d/b/a Ralph Harvey Construction or Harvey Construction was subject to and bound by the provisions of the Workers Compensation Act.
5. At the time of hearing before the Deputy Commissioner, plaintiff was a twenty-five year old male, high school graduate. He met Ralph Harvey in early 1997 and began working for him on construction jobs for Dave and Monica Haubers personal residence.
6. Plaintiff was paid $8.50 per hour to do framing work for Ralph Harvey Construction and he worked forty hours per week.
7. Plaintiff quit working for Mr. Harvey after two and a half weeks to return to work for his uncle.
8. On or about 21 January 1998, plaintiff returned to construction work with Ralph Harvey d/b/a Ralph Harvey Construction or Harvey Construction on a full-time basis earning $8.50 per hour. At all times relevant hereto, Ralph Harvey d/b/a Ralph Harvey Construction (Harvey Construction) regularly employed five to six framers.
9. On 22 January 1998, plaintiff was putting in floor joists on the second floor of a building while working for Ralph Harvey Construction. Plaintiff caught his foot on a lateral brace that ran up a wall, which caused him to fall backwards to the ground on his right arm. This incident constituted an injury by accident arising out of and in the course of plaintiffs employment.
10. Mr. Harvey took plaintiff to Dosher Hospital where he underwent surgery to repair a severely comminuted fracture of plaintiffs right radius and ulna.
11. Plaintiff questioned whether Mr. Harvey had workers compensation insurance. Mr. Harvey informed plaintiff that he had not worked long enough to get workers compensation. Later, when plaintiff called Mr. Harvey about his medical bills, Mr. Harvey had plaintiffs telephone calls blocked.
12. Plaintiff continued to treat with John Azzato, M.D., until 2 September 1998 when he was referred to Donald K. Bynum, M.D., at UNC Hospital. Dr. Bynum initially diagnosed plaintiff with post-traumatic arthritis. On 15 December 1998, plaintiff underwent a second surgery on his wrist. This surgery was not successful at reducing his pain. Plaintiff had additional surgery in September 1999 to remove bone in the right wrist.
13. Plaintiff has been unable to earn wages in any employment since 22 January 1998 as a result of his injury by accident due to severe pain and numbness caused by any type of movement or stress to the right wrist and hand. Plaintiffs prior work history involved primarily manual labor.
14. Plaintiff has incurred medical bills for treatment of his right wrist and arm.
15. Mr. Harvey paid plaintiff in cash for the two days he worked on 21 and 22 January 1998. However, he has not paid plaintiff for any time missed from work as a result of his injury, nor has he paid for plaintiffs medical treatment.
16. At the time of plaintiffs injury, neither Ralph Harvey Construction nor Ralph Harvey individually had workers compensation insurance coverage for its employees.
17. David Hauber is a self-employed licensed general contractor. At all relevant times herein David Haubers business, Hauber Development Company, did residential construction in St. James Plantation in Brunswick County. Hauber Development Company built up to five homes per year.
18. Beginning in 1995, Hauber Development Company subcontracted with Ralph Harvey to frame residential homes or townhouses in St. James Plantation. Ralph Harvey submitted separate work proposals or contracts on each project or house upon which he worked. The terms printed on each proposal form did not specify who was required to have workers compensation insurance, even though each completed proposal form had a space to designate who would carry the workers compensation insurance beginning January, 1998.
19. Hauber Development Company required its subcontractors to maintain their own workers compensation insurance; however, Mr. Hauber only requested certificates of insurance from his subcontractors on an annual basis, not at each subletting of a contract. Mr. Hauber was aware that the law required him to obtain a certificate of insurance from each subcontractor prior to the beginning of work each time a new contract is subletted. Each new residential house or townhouse that Hauber Development Company built was a new contract or new job for the company and each framing job on a new home sublet to Ralph Harvey Construction was a new contract for Ralph Harvey. Mr. Hauber did not deduct workers compensation premiums from payments made to Ralph Harvey Construction. Hauber Development Company maintained workers compensation insurance through The Travelers.
20. Ralph Harvey d/b/a Ralph Harvey Construction framed townhouses and residences that Hauber Development Company constructed in 1995, 1996, 1997 and part of 1998. "Harvey Construction had workers compensation insurance with Home Builders from 1 January 1997 to 14 March 1997. On the face of the certificate of insurance, this policy was written to cover the period from 1 January 1997 to 14 March 1997. David Hauber, the general contractor for Hauber Development Company was aware that Harvey Construction did not have workers compensation insurance after the expiration of the Home Builders policy from 14 March 1997 to 22 May 1997 when a new certificate of insurance was issued and provided by Ralph Harvey to Hauber Development Company.
21. Hauber Development Company accepted a proposal for work on 2 new framing projects (townhouse) in the Lakeside Commons area, Buildings 2 and 3 and 6 and 7 from Ralph Harvey on 25 April 1997 which was during the period Ralph Harvey Construction did not have workers compensation insurance and David Hauber was aware that the certificate of insurance provided to him had expired.
22. Ralph Harvey provided a new certificate of insurance to Hauber Development company after 22 May 1997 which was provided by National Benefits Service/The Phoenix Fund for the period from 22 May 1997 to 22 May 1998. Ralph Harveys workers compensation insurance was canceled effective 17 November 1997 due to nonpayment of premiums for the two prior months of September and October. The notice of cancellation was sent to Ralph Harvey. It is more likely than not that notice of cancellation was also sent to Hauber Development Company based on the 30 day notice of cancellation language written on the certificate of insurance which states:"
 Should any of the above described policies be canceled before the expiration date thereof the issuing company will endeavor to mail 30 days written notice to the certificate holder named to the left, but failure to mail such notice shall impose no obligation or liability of any kind upon the company, its agents or representatives.
Southeastern Insurance Agency received notice of this cancellation and did not inform Mr. Hauber of the cancellation.
23. Hauber Development Company subletted some jobs to Ralph Harvey Construction and allowed work to begin before accepting the proposal in writing. For example, Ralph Harvey Construction completed the Roviello job on St. James Street in Southport on 5 December 1997. Ralph Harvey Constructions proposal was dated 6 November 1997. The work was completed before the "Acceptance of Proposal was signed. Subsequently, a proposal by Ralph Harvey Construction for changes to the work on the Roviello job was dated February, 1998, and accepted 6 March 1998. the same date the job completion work was paid for on 6 March 1998.
24. During the periods after plaintiffs injury, Hauber Development Company continued to sublet projects to Ralph Harvey without proof of workers compensation coverage.
25. Based on the greater weight of the evidence, plaintiff was injured while working on the "Rachetts job which was a single family, two story house with a garage. The testimony of Dave Hauber that plaintiff was working on Building 6 and 7 of a townhouse project in Lakeside Commons or on the "Roviello project is not accepted as credible. The "Roviello house was completed on 5 December 1997 based on the handwritten note on the proposal. Although some changes were later made pursuant to a February 1998 proposal, these changes to the "Roviello house did not involve the type of work plaintiff was doing at the time of injury. Plaintiff was working on a single family house, not a townhouse, at the time of injury.
26. Ralph Harvey Constructions proposal for the "Rachetts house was submitted in January, 1998. Although Harvey Constructions proposal was not accepted until 15 February 1998, based on the greater weight of the evidence, the contract to perform work on the "Rachetts house was subletted to Ralph Harvey Construction prior to 21 January 1998. A proposal for additional work on this project was submitted by Harvey Construction in February 1998. Mr. Hauber testified that he sometimes allowed subcontractors to begin work on a contract before accepting their proposal in writing. Hauber Development Company sublet the contract and gave Ralph Harvey Construction permission to begin work prior to 21 January 1998 on the job upon which plaintiff was injured. At the time the contract was sublet for the work or project upon which plaintiff was injured, Ralph Harvey Construction did not have in force workers compensation insurance covering its employees and Hauber Development Company did not request a certificate of insurance from Ralph Harvey Construction. Ralph Harvey Construction through Ralph Harvey contracted to work for Hauber Development Company by the job or project. Mr. Hauber could not say that Ralph Harvey Construction Company worked exclusively for him.
27. Hauber Development Company had notice prior to plaintiffs injury that Ralph Harvey had allowed its workers compensation coverage to expire or be canceled on at least two occasions for substantial periods of time. Hauber Development Company continued to sublet contracts to Ralph Harvey without obtaining proof of workers compensation insurance on Harveys employees. Hauber Development Company, as principal contractor is liable for the payment of workers compensation benefits to plaintiff to the same extent as Ralph Harvey Construction (or Harvey Construction) would be if it had workers compensation insurance.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On and prior to 22 January 1998, Ralph Harvey and/or Ralph Harvey d/b/a Ralph Harvey Construction or Harvey Construction regularly employed five to six framers, including plaintiff and was subject to and bound by the provisions of the North Carolina Workers Compensation Act at all times relevant herein. N.C. Gen. Stat. 97-2(1).
2. Plaintiff sustained an injury by accident to his right arm, wrist and hand arising out of and in the course of his employment on 22 January 1998 while working for Ralph Harvey Construction. N.C. Gen. Stat. 97-2(6).
3. On 22 January 1998, plaintiffs average weekly wage was $340.00, yielding a compensation rate of $226.68. N.C. Gen. Stat. 97-2(5).
4. N.C. Gen. Stat. 97-19 requires any principal contractor who sublets any contract for work to obtain a certificate of insurance from the subcontractor. Inasmuch as Defendant Hauber Development Company failed to obtain a certificate of insurance from Defendant Ralph Harvey and/or Ralph Harvey d/b/a Ralph Harvey Construction (or Harvey Construction) at the time the contract or job upon which plaintiff was working at the time of the injury was sublet, Defendant Hauber Development Company is liable for the workers compensation benefits due plaintiff as a result of the 22 January 1998 injury by accident. N.C. Gen. Stat. 97-19.
5. As a result of his compensable injury, plaintiff is unable to earn wages in any employment and is entitled to total disability compensation to be paid by Defendant, Hauber Development Company and its insurer, Travelers Insurance Company, at the rate of $226.68 per week for the period beginning 22 January 1998 and continuing until plaintiff returns to work or until further order of the Commission. N.C. Gen. Stat. 97-29.
6. Plaintiff is entitled to have Defendant, Hauber Development Company and Travelers Insurance Company pay for medical expenses incurred or to be incurred as a result of the compensable injury, which are reasonably required to provide relief, effect a cure, or lessen the period of disability. N.C. Gen. Stat. 97-2(19); N.C. Gen. Stat. 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorneys fee herein approved, Defendant, Hauber Development Company, and Travelers Insurance Company shall pay total disability compensation to plaintiff at the rate of $226.68 per week for the period beginning 22 January 1998 and continuing until plaintiff returns to work or until further order of the Commission. The portion of the compensation that has accrued shall be paid in a lump sum.
2. A reasonable attorneys fee of twenty-five percent of the compensation awarded to plaintiff in paragraph 1 above is hereby approved to be deducted from sums due plaintiff and paid directly to counsel. Thereafter, every fourth check shall be paid directly to counsel.
3. Defendant, Hauber Development Company and Travelers Insurance Company, shall pay medical expenses incurred or to be incurred when bills have been approved, in accordance with the provisions of the Act.
4. At the time of the hearing before the deputy commissioner, plaintiff had not reached maximum medical improvement. In the event that the parties should be unable to agree on the amount of permanent partial disability compensation which may be due plaintiff, either party may request a hearing to resolve any such dispute at the appropriate time.
5. Defendant, Hauber Development Company and Travelers Insurance Company, shall pay the costs.
 *********** ORDER
This file case is REFERRED to the Attorney Generals Office for investigation and appropriate action in the matter of the failure of Ralph Harvey and/or Ralph Harvey d/b/a Ralph Harvey Construction or Harvey Construction to maintain workers compensation insurance.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING IN THE RESULT:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
BSB:md